IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Suzanna Harger, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Fairway Management, Inc.;<br>FWM Payroll Clearing, Inc.; and<br>Bear Holdings, Inc.,<br>　　d/b/a JES Holdings, Inc.<br><br>　　　　　Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff Suzanna Harger worked for Defendants as a Property Manager. Defendants classified Harger as an exempt employee under the Fair Labor Standards Act (FLSA), meaning that Harger was not eligible to receive overtime compensation. As alleged herein, Defendants improperly classified Harger and other Property Managers as exempt employees, and Defendants improperly withheld overtime compensation from Harger and all other Property Managers. Harger brings this case on behalf of herself and all other similarly situated Property Managers employed by Defendants and seeks unpaid overtime compensation.

In support of her Complaint, Harger respectfully submits the following:

## PARTIES

1.　　Plaintiff Suzanna Harger is a resident of Eldorado Springs, Missouri. Defendants employed Harger as a Property Manager from July 2007 through February 2015. Harger worked at Defendants' location in Nevada, El Dorado Springs and Stockton, Missouri and at all relevant

1

times herein, and she supervised less than three full time employees. Harger's Consent to Become a Party Plaintiff is attached as Exhibit A.

2. Defendant Fairway Management, Inc. (FWM or Defendant FWM) is a national property management company with its principal place of business in Columbia, Missouri. FWM is responsible for the maintenance, marketing and business administration of more than 120 apartment communities and several single-family residential subdivisions. Defendant FWM may be served via its registered agent, Will Markel, at 206 Peach Way, P.O. Box 7688, Columbia, MO 65205.

3. Upon information and belief, Defendant FWM Payroll Clearing, Inc. is the company that provides employment and payroll services to FWM, as well as other entities. FWM Payroll Clearing, Inc. is a Missouri Corporation with its principle place of business located at 206 Peach Way, Columbia, MO. At all relevant times, FWM Payroll Clearing, Inc., was an employer of Plaintiff and other similarly situated Property Managers. FWM Payroll Clearing may be served via its registered agent, Will Markel, at 206 Peach Way, P.O. Box 7688, Columbia, MO 65205.

4. Defendant Bear Holdings, LLC (Bear or Defendant Bear) is a privately owned group of companies, including Fairway Management Inc., and FWM Payroll Clearing, Inc. Bear is a Missouri Corporation with its principle place of business located at 206 Peach Way, Columbia, MO. Bear operates under the fictitious business name, JES Holdings, LLC. ("JES"), and may be served via its registered agent, Thomas Harrison, Van Matre, Harrsion, Hollis, Taylor and Elliott, P.C. 1103 E. Broadway, Ste. 101, P.O. Box 1017, Columbia MO 65205-1017.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claim brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

6. This Court has supplemental jurisdiction for the claim asserted under the Missouri Wage Law ("MMWL") (codified at Mo. Rev. Stat. §§ 290.500 *et seq.*) in that the claim is asserted as part of the same case and controversy as the FLSA claim, the state and federal claims derive from a common nucleus of operative facts, the state claim will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business, and can be found in this judicial district, and the causes of action set forth herein have arisen and occurred in part in this judicial district. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Missouri.

## FACTUAL ALLEGATIONS

8. Defendant Fairway is a provider of property management services to companies such as JES Holdings, Inc.

9. Defendant JES is a privately owned group of companies, including Fairway Management and FWM Payroll Clearing, Inc., that employs more 600 employees and offers clients a fully-integrated array of services from site selection to direct delivery of investor benefits.

10. The leadership of Defendant JES Holdings, LLC and its affiliate companies is devoted to shaping and implementing Affordable Housing and Historic Rehabilitation Tax Credit programs. Defendant JES Holdings is a recognized industry leader, positioning itself as a

3

forerunner for tax credit legislation from the program's inception in both Missouri and Georgia. Hereinafter, JES Holdings, Inc., Fairway Management, Inc., and FWM Payroll Clearing, Inc. shall be collectively referred to as "Defendants."

11. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including the Plaintiff and all similarly situated employees. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00.

12. At all relevant times, Defendants have been, and continue to be, an "employer" as defined by the MMWL. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff and all similarly situated employees as defined by the MMWL.

13. The primary job of Property Managers is to manage individual apartment complexes and affordable housing on behalf of the Defendants and others. Many Property Managers, including Harger, supervise less than three full time employees in performance of their job duties.

14. All Property Managers are similarly situated in that they supervise less than three full time employees and are all subject to Defendants' policy and practice that designated and/or treated them as exempt employees. Accordingly, all Property Managers perform work without overtime compensation.

15. Because Defendants' Property Managers do not satisfy the criteria for exempt employees, Defendants should classify them as non-exempt employees, thereby making them

4

eligible for overtime compensation when they work in excess of forty hours per week. In this respect, Defendants' Property Managers are misclassified for compensation purposes.

16. Defendants require Property Managers to record their work time via time cards, but they do not use the time cards as a basis for wage payment. Moreover, not all time is recorded because Plaintiff and others similarly situated engage in work away from their work location, including company meetings held in Columbia Missouri, and additional work on the evenings and weekends. Accordingly, while most time is recorded, Defendants fail to accurately record all of the actual time worked by all Property Managers. Defendants could easily and accurately record the actual time worked by all Property Managers.

17. Plaintiff regularly worked in excess of 50 hours per week, but she was not compensated at a rate of at least one and one half times her regular rate for hours worked in excess of 40 in a workweek.

18. In light of Defendants' failure to accurately record time worked by all Property Managers, Defendants fails to provide accurate wage statements to all Property Managers.

19. Harger was a Property Manager for Defendants from July 2007 through February 2015. (I would eliminate this paragraph as it is duplicative of the info in paragraph 1)

20. During her employment, Harger typically worked approximately 50 hours per week in the office, and an additional 2-3 hours per week outside the office. Additionally, Harger and others similarly situated were required to travel to Columbia, MO and other locations for training

21. Additionally, Harger regularly worked in excess of forty hours per week. On average, upon information and belief, Plaintiff worked between 50-60 hours per week. During

5

periods in which she worked in excess of 40 hours per week, Harger and others similarly situated were not paid one and one half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

22. Because Defendants misclassified Harger as an exempt employee and she worked in excess of forty hours per week, Harger is entitled to overtime compensation.

23. Upon information and belief, other Property Managers employed by Defendants also are entitled to overtime compensation because Defendants improperly classified them as exempt employees and they worked in excess of forty hours per week.

24. The same unlawful practices and procedures described above affect all property managers (who supervise less than three full time employees) nationwide, including in the states of Missouri, Georgia, Iowa, Nebraska, New Mexico, South Carolina and Texas.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Brought by Plaintiff and the Proposed Collective Against Defendants)

25. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

26. During the relevant period, Plaintiff supervised less than three full time employees. Defendants employ other Property Managers at locations throughout the United States who like Plaintiff, supervised less than three full time employees.

27. Defendants classify Property Managers as exempt employees under the FLSA. Thus, Defendants does not pay Property Managers overtime compensation.

28. But Plaintiff and other Property Managers do not perform jobs that would place them under any of the FLSA's exemptions from overtime compensation. For example, Plaintiff and other Property Managers supervise less than three full time employees. In this respect, Defendants misclassifies their Property Managers.

29. All similarly situated property managers working for Defendants are similarly situated in that they all perform essentially the same respective job functions and supervise less than three full time employees.

30. All similarly situated Property Managers are similarly situated in that they are all subject to Defendants' same compensation policy, plan, or procedure that requires them to perform work and/or requires them to be present at work without paying them overtime. This denies the similarly situated Property Managers their overtime compensation.

31. Defendants' policy and practice of classifying similarly situated Property Managers as exempt employees and denying them overtime compensation violates the FLSA.

32. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> All persons nationwide who were, are or will be employed by Defendants as Property Managers who supervised less than three full time employees from August 24, 2012 to the present, plus periods of tolling, who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

33. This claim is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the FLSA for all claims asserted by Plaintiff because her claims are similar to the claims of the similarly situated Property Managers.

34. The number and identity of other similarly situated Property Managers yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

35. Defendants failed to compensate Plaintiff and the similarly situated Property Managers at a rate of not less than one and one-half times the regular rate of pay for work

7

performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

36. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

38. Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the similarly situated Property Managers, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Violation of the Missouri Wage Law
**(Brought by Plaintiff and the Proposed Class Against Defendants)**

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

40. Plaintiff has been entitled to the rights, protections, and benefits provided under the MWL, codified at Mo. Rev. Stat. §§ 290.500 *et seq.*

41. Plaintiff brings this claim as a class action under Fed. R. Civ. P. 23 on behalf of:

> All persons who were, are or will be employed by Defendants as Property Managers in Missouri who supervised less than three full time employees, from August 24, 2013 to the present, plus periods of tolling, who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

8

Case 2:15-cv-04232-NKL   Document 1   Filed 10/19/15   Page 8 of 15

42. Defendants were the "employer" of Plaintiff within the meaning of the MWL.

43. Plaintiff was Defendants' "employee" within the meaning of the MWL.

44. As set forth herein, Defendants illegally classified and/or treated the Missouri Named Plaintiff and the Missouri Class Members as exempt, and thus failed to pay the Missouri Named Plaintiff and the Missouri Class Members the overtime required by Missouri law.

45. Pursuant to the MWL, Plaintiff and the Missouri Class Members are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

46. Defendants, pursuant to its policy and practice, violated the MWL by refusing and failing to pay Plaintiff and the Missouri Class Members overtime wages required under the MWL.

47. Plaintiff and the Missouri Class Members are entitled to damages equal to double of all unpaid overtime wages due within two years preceding the filing of this Complaint, plus periods of tolling.

48. Plaintiff and the Missouri Class Members are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

49. Defendants are liable pursuant to Mo. Rev. Stat. § 290.527 for Plaintiff's attorneys' fees and costs/expenses incurred in this action.

50. The MWL claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

51. The Missouri Named and the Missouri Class Members are all similarly situated in that they were all subject to Defendants' policy which classified and/or treated them as exempt

and thus to not properly calculate and pay these employees overtime compensation for hours worked in excess of forty hours per work week which violates the MWL.

52. Class certification of this count for violations of the MWL is appropriate under Fed. R. Civ. P. 23(a) in that:

    a. The members of the Missouri Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Missouri Named Plaintiff at the present time but the number is anticipated to be in excess of one hundred individuals;

    b. There are questions of law and fact arising in this action which are common to the Missouri Named Plaintiff and the Missouri Class Members, including:

        (i) Whether Defendants' policies and practices described within this Complaint were illegal;

        (ii) Whether Missouri Class Members are paid for all of the time they work;

        (iii) Whether Defendants classified and/or treated the Missouri Class Members as exempt;

        (iv) Whether Defendants maintains accurate records of the time the Missouri Class Members work;

        (v) Whether Defendants failed to pay appropriate overtime premiums to the Missouri Class Members in violation of MWL; and

        (viii) Whether Defendants' actions were willful.

53. The Missouri Named Plaintiff's are typical of the claims of the Missouri Class Members. The Missouri Named Plaintiff was paid under the same policy and procedure as all members of the class. The Missouri Named Plaintiff and all members of the class were victims of the same wrongful conduct engaged by Defendants in violation of MWL.

54. The Missouri Named Plaintiff will fairly and adequately protect the interests of the members of the class.

55. The Missouri Named Plaintiff has retained counsel who is competent and experienced in class action and complex litigation involving compensation claims.

56. The Missouri Named Plaintiff has no interests which are adverse to or in conflict with other Missouri Class Members.

57. Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the MWL; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

58. In the absences of a class action, Defendants would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the MWL.

59. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against large, well-represented

11

corporate Defendants. Numerous repetitive individual actions would also place an enormous burden on the courts, as they would be forced to take duplicative evidence and repeatedly decide the same issues concerning Defendants' conduct.

60. In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

    a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendants;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

    c. Defendants has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

61. Alternatively, this case may be maintained as a class action with respect to particular issues under Fed. R. Civ. P. 23(c)(4), including but not limited to, the issue of whether Defendants improperly classified property managers employed in Missouri.

## **PRAYER FOR RELIEF**

WHEREFORE, concerning Plaintiff's Count I for Defendants' alleged violation of the FLSA, Plaintiff prays for relief as follows:

1. Designation of this action as a collective action on behalf of the property managers and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative

representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

2. Designation of Plaintiff Harger as Representative Plaintiff of the Property Managers;

3. Designation of the Employee & Labor Law Group of Kansas City, LLC as the attorneys representing the putative collective action Plaintiffs;

4. A declaration that Defendants are financially responsible for notifying Property Managers of their alleged wage and hour violations;

5. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

6. An award of damages for overtime compensation due for Plaintiff and the Property Managers, including liquidated damages, to be paid by Defendants; and/or

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees

WHEREFORE, concerning Plaintiff's Count II for Defendants' alleged violation of the MWL, Plaintiff prays for relief as follows:

1. Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Missouri Class Members and issuance of notice to all Missouri Class Members, apprising them of the pendency of this action;

2. Designation of Plaintiff Harger as Representative Plaintiff of the Missouri Class Members;

3. A declaration that Defendants are financially responsible for notifying all Missouri Class Members of their alleged wage and hour violations;

4. Designation of the Employee & Labor Law Group of Kansas City, LLC as the attorneys representing the Missouri Class;

5. A declaratory judgment that the practices complained of herein are unlawful under the MWL;

6. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

7. An award of damages for overtime compensation due for Plaintiff and Missouri Class Members, including double, or penalty damages required under Missouri law, to be paid by Defendants;

8. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

9. Penalties for failing to timely pay wage and pre-judgment and post-judgment interest, as provided by Missouri law.

Respectfully Submitted,

**Employee & Labor Law Group of Kansas City, LLC**

*/s/* Michael Hodgson
Michael Hodgson   MO Bar No. 63677
Kristi L. Kingston, MO Bar No. 46539

3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.945.2122

Fax: 816.945.2120  
[mike@elgkc.com](mike@elgkc.com)  
[kristi@elgkc.com](kristi@elgkc.com)

15

Case 2:15-cv-04232-NKL   Document 1   Filed 10/19/15   Page 15 of 15