## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| Suzanna Harger, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:15-cv-04232-NKL |
| Fairway Management, Inc.; FWM Payroll Clearing, Inc.; and Bear Holdings, Inc. d/b/a JES Holdings, Inc., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Suzanna Harger moves for conditional class certification, and approval of her proposed notice plan. Doc. 52. The motion for conditional certification is granted, and the plan for notice is approved as set out below.

**I.    Background**

Harger alleges that Defendants violated 29 U.S.C. § 207(a) of the Fair Labor Standards Act (FLSA) by failing to make sure their Property Managers received overtime compensation for working more than 40 hours in a week. Section 207(a)(1) of the FLSA states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

The FLSA provides a remedy for violations, in the form of unpaid overtime compensation and an "additional equal amount as liquidated damages." § 216(b).

In support of her motion for conditional certification, Harger submitted materials including Property Manager job descriptions and job postings; a list of full-time Property Managers who were classified as exempt and not paid overtime; business descriptions and listings of rental properties from Defendants' websites; policy and procedures relating to the Property Manager job duties; materials used to train Property Managers; and the declarations of Harger and another Property Manager, Gyla Calvin, who both worked for Defendant Fairway. Docs. 52-1 – 52-10. According to Harger's submissions, Defendants are responsible for the maintenance, compliance, marketing, and business administration of more than 120 apartment communities and five, single-family rental subdivisions in Missouri and several other states. Defendants' housing communities include low-income and senior housing provided to persons who receive state and federal benefits based on certain needs, and Defendants are therefore subject to state and federal guidelines to ensure their residents qualify for the housing.

Since March 2013, Defendants have employed over 140 Property Managers who were treated as exempt from overtime, and who supervised less than two full time employees. In each location in which they advertise for potential Property Managers, Defendants' job advertisement describes the position identically. According to the job description, Property Managers execute the business, financial and marketing plan for the community; provide customer service; collect and deposit rent, and follow up on delinquencies; conduct daily tours of the community to ensure curb appeal and proper maintenance; work with the property management team; adhere to all company policies; provide information to the supervisor; forward purchase orders to the supervisor for approval and assist in preparing a yearly budget; analyze physical needs of the community and recommend solutions; perform inspections; work extended work hours as needed; participate in training; and must have a high school diploma or equivalent. According to

the policies and procedures, the Property Managers must obtain management approval for a variety of decisions, such as which prospective tenants may rent properties, most purchases, transfer of residents from one apartment to another, and recertification of residents for continued occupancy. Property Managers must adhere to additional rules, such as how to dress, advertise, collect rent, and perform other aspects of the job. The rules do not vary from site to site and Property Managers cannot deviate from them.

In Harger's declaration, Doc. 52-8, she states she worked as a Property Manager for Defendant Fairway from July 2007 to February 2015; was compensated as a salaried-exempt employee; supervised less than two full-time employees; worked more than 40 hours per week, nearly every week; and performed jobs that were virtually all clerical in nature. Property Managers are required only to have a high school diploma or equivalent. Harger used property management software to perform her job, and her performance was largely judged on occupancy rates of the apartment complexes where she worked. All decisions regarding tenants had to be submitted to her regional director and the compliance department, she was told how to do almost every aspect of her job, and she could not deviate from Fairway's rules and regulations. If she had an occupancy rate lower than 90%, she was required to work weekends and extra hours to take more rental applications for approval by the compliance department. Calvin states in her declaration, Doc. 52-9, that she worked as a Property Manager from September 2012 through December 2014, typically for 50 hours per week and without overtime pay. Her description of her job is largely the same as Harger's.

Harger proposes conditional certification of a class consisting of all current and former Property Managers who worked for Defendants at any time in the past three years, who supervised fewer than two employees, and who were not paid overtime for services performed in

excess of 40 hours per week.

**II.     Discussion**

    **A.     Conditional Certification**

Harger brings her motion for conditional certification under § 216(b), the collective action provisions of the FLSA, which provides that an action to recover FLSA liability "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

Though the Eighth Circuit has not set out a standard for determining when plaintiffs are similarly situated for purposes of § 216(b), district courts in the circuit generally follow a two-stage certification process, consisting of: (1) the conditional certification or notice stage, and (2) the opt-in or merits stage. *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005); *Meriwether v. Beverly Hills Liquor & Grocery Inc.*, 2014 WL 200355, at *3 (E.D. Mo. 2014). At the first stage of the litigation, the Court does not reach the merits of the plaintiff's claims. *Uwaeke v. Swope Community Enterprises, Inc.*, 2013 WL 3467062, at *1 (W.D. Mo. 2013). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to opt-in. At the second stage, the defendants may move to decertify the class, which is "typically done after the close of discovery when the Court has much more information and is able to make a more informed decision." *Id.*

The FLSA requirements for conditional class certification differ markedly from class certification rules under Federal Rule of Civil Procedure 23. The FLSA provides for an opt-in procedure for class membership, rather than the opt-out procedure that is generally part of certification under the Federal Rules. *Compare* § 216(b), and Rule 23(c)(3). In determining whether conditional certification is appropriate under the FLSA, the Court is to apply a "lenient

standard" that requires only a "modest" factual showing. *Renfro v. Spartan Computer Servs.*, *Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007); *Boyd v. Jupiter Aluminum Corp.*, 2006 WL 1518987, at *3 (N.D. Ind. 2006). A plaintiff need only substantially allege that there are others who are similarly situated, that is, "that the putative class members were together the victims of a single decision, policy, or plan." *Davis v. NovaStar Mortgage, Inc.,* 408 F.Supp.2d 811, 815 (W.D. Mo. 2005).

The "substantial allegations" required by the FLSA are much less than the showing and intensive inquiry required under Rule 23. *Greenwald v. Phillips Home Furnishings Inc.*, 2009 WL 259744, at *4 (E.D. Mo. 2009). However, "plaintiffs must present more than mere allegations[.]…[S]ome evidence to support the allegations is required." *Young v. Cerner Corp.*, 503 F.Supp.2d 1226, 1229 (W.D. Mo. 2007).

Harger has submitted sufficient evidence to justify conditional certification of the class, including Defendants' own documents and two declarations. She has substantially alleged that Property Managers were governed by the same policies regarding job duties and compensation, and were not paid overtime. *Uwaeke*, 2013 WL 3467062, at *2 ("The class members have the same job titles, are governed by the same written job description, and were treated the same in terms of whether (or not) they received overtime compensation."); *see also Meriweather v. Beverly Hills Liquor & Grocery Inc.*, 2014 WL 200355, at *3 (E.D. Mo. 2014) (distinguishing "evidence of a common policy" from "an unlawful record-keeping system"). "[T]he issue is not whether each class member was identically injured by an illegal policy, but rather [whether all Property Managers] were . . . subject to the same policy," *Chapman v. Hy-Vee, Inc.*, 2012 WL 1067736, at *3 (W.D. Mo. 2012), and Harger has made a sufficient showing at this stage of the litigation.

5

Furthermore, Harger alleges a willful violation of the FLSA, for which the FLSA provides a three-year statute of limitations, rather than the otherwise applicable two-year period. § 255(a). Conditional certification should thus extend to Property Managers affected by Defendants' overtime policy over the last three years. *Littlefield v. Dealer Warranty Services, LLC*, 679 F.Supp.2d 1014, 1019 (E.D. Mo. 2010) ("[J]udicial economy is served by conditionally certifying a larger, more inclusive class, at this stage in the proceedings. Accordingly, the statute of limitations is a three-year period."); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234 (N.D.N.Y. 2002) (when willfulness is disputed, conditional certification of a class including members affected within a three-year period preceding class certification is appropriate).

Defendants' arguments against conditional certification are unpersuasive. Defendants submitted the declaration of Fairway's vice president, and focus on alleged differences in the manner in which individual Property Managers perform aspects of their jobs, such as applying different regulatory criteria depending on the type of community. Such arguments miss the mark, inasmuch as they go to the second, or merits, stage of the litigation. The focus at the conditional certification stage is on whether a plaintiff has substantially alleged that there are others who are similarly situated, that is, whether the putative class members "were together the victims of a single decision, policy, or plan." *Davis,* 408 F.Supp.2d at 815. It is a lenient standard that "typically result[s] in conditional certification of a representative class." *Kautsch v. Premier Communications,* 504 F.Supp.2d 685, 688 (W.D. Mo. 2007). "The more stringent factual inquiry as to whether the plaintiffs 'are similarly situated'"—Defendants' focus here—is reserved for the second stage, *Campbell v. Amana Co., L.P.,* 2001 WL 34152904, at *2 (N.D. Iowa Jan. 4, 2001), "when the Court has much more information and is able to make a more

informed decision," *Kautsch*, 504 F.Supp.2d at 688. In *Morgan v. Family Dollar Stores, Inc.,* for example, despite apparent differences in workload and duties, conditional certification of a class of store managers was appropriate where an employer "exempted all [of them] from overtime pay requirements, without regard to store size, sales volume, region, district, or hiring and firing authority." 551 F.3d 1233, 1263 (11th Cir. 2008). That is a common "decision, policy or plan" that warrants conditional certification in an FLSA collective action, *Davis,* 408 F.Supp.2d at 815, as is the case here.

The declaration of Fairway's vice president does state that Property Managers are "classified as exempt and non-exempt and depending on location supervise a number of employees[.]" Doc. 59-2, p. 2. But nowhere do Defendants state that Property Managers who supervise fewer than two people are paid overtime compensation, nor that any Property Managers are paid overtime compensation. Regardless, fleshing out the factual record is for the next step in the litigation. Harger necessarily seeks conditional certification of the class on an incomplete factual record at this stage, and as discussed above, has submitted sufficient evidence to justify conditional certification at this time.

Accordingly, Harger's motion for conditional certification is granted.

**B.     Notice to Prospective Class Members**

Harger submitted a proposed notice form and consent to join, and proposes a plan for providing notice. Defendants did not make any objections to the proposals.[1]

---

[1] Defendants' suggestions in opposition to Harger's motion solely focused on conditional certification. At the end of their suggestions, Defendants briefly state they "reserve the right to file objections to [Harger's] proposed Notice[,]" "in the event the Court orders conditional certification[.]" Doc. 59, p. 24. The Court considers the failure to object, notwithstanding the reservation, as a waiver.

### 1. Proposed notice form and consent to join

Once a class had been conditionally certified, the plaintiff may proceed to notify putative class members of their right to opt in and participate in the pending litigation. The Court has "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).

The Court has reviewed the proposed form notice and consent to join provided by Harger, Doc. 52-11. They are substantially identical to forms the Court has approved in other, recent FLSA litigation, and are modeled after examples provided by the Federal Judicial Center. The Court approves Harger's proposed form notice and consent to join.

### 2. Proposed Notice Procedure

Harger proposes a four-part procedure for notifying putative class members, and asks the Court to order Defendants to provide certain contact information concerning the putative class members within ten days.

Specifically, Harger proposes following procedure for notice:

- Mailing notice and consent forms by first-class mail to all employees subject to the described policy;

- Reminder notice sent by email to putative class members 30 days before the 60-day opt-in deadline;

- Posting notice in conspicuous locations where Property Managers are employed (including lunch room bulletin boards or bulletin boards where job notices are posted); and

- Placing notices in three separate paychecks for each current Property Manager.

Mailing the notice and consent forms by first-class mail is appropriate because it is practical and efficient. Emailing a reminder notice 30 days before the opt-in period is similarly

appropriate. *Nobles v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 5563444 (W.D. Mo. 2011) ("Email notice is also being used simply as a supplement to notice by first class mail."); *Oliver v. Aegis Communications Group, Inc.*, 2008 WL 7483891, at *4-5 (N.D. Tex. 2008) (allowing mailing of reminder notices); and *Helton v. Factor 5, Inc.*, 2012 WL 2428219, at *7 (allowing reminder postcard to be sent to potential plaintiffs 30 days before the deadline for opting in to the action). The Court therefore approves the mailing of the notice and emailing of the reminder.

Harger is also permitted to post notice of the pending suit in conspicuous locations where Property Managers are employed, including lunch room bulletin boards or bulletin boards where job notices are posted. Such means of notice is reasonable. *See, e.g., Armstrong v. Genesh, Inc.,* 2011 WL 6151416, at *3 (D. Kan. Dec. 12, 2011) (approving plaintiff's request to post notice of the suit as reasonable and similar to orders entered by court in other cases in which conditional certification was granted); *Sherrill v. Sutherland Global Servs., Inc.,* 487 F.Supp.2d 344, 351 (W.D.N.Y. 2007) (allowing notice to be posted at the defendant's place of business for 90 days, in addition to mailing).

But the Court will not approve Harger's proposal to include notice in putative class members' paychecks. Harger does not state how many putative class members receive paper paychecks, or how such notice would work with respect to persons who are paid by direct deposit. In any event, such notice appears to be impractical. It also appears unnecessary, in that the other proposed means of notice approved above—mailing, emailing, and posting—seem amply sufficient.

Finally, Harger requests that Defendants be ordered to produce a list, within ten days and in electronic and hard copy format, of putative class members' names, telephone numbers, last-known mailing addresses, email addresses, social security numbers, and dates of birth. In

support of this broad request for information, Harger states that she believes Defendants' workforce has experienced significant turnover over the years, and that all of the information is necessary to ensure she can locate putative class members.

The Court concludes Harger has only demonstrated a need to be provided putative class members' names, mailing addresses, and email addresses, in ten days and in electronic and hard copy format, at this time. Limiting Harger to this information in lieu of everything she has requested strikes an appropriate balance between notification, and undue intrusion into the privacy of putative class members. In the event of returned notices or other logistical issues Harger encounters in notifying putative class members, Defense counsel is to work with Harger's counsel to ensure a comprehensive distribution of the notice materials in a timely fashion.

## III. Conclusion

Plaintiff Harger's motion for conditional class certification, Doc. 52, is granted, and the plan for notice is approved as set out above.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: June 8, 2016  
Jefferson City, Missouri