# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| Suzanna Harger, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:15-cv-04232-NKL |
| Fairway Management, Inc.; FWM Payroll Clearing, Inc.; and Bear Holdings, Inc., d/b/a JES Holdings, Inc., | ) ) ) ) ) | |
| Defendants. | ) | |

---

## SETTLEMENT AGREEMENT

---

THIS SETTLEMENT AGREEMENT, along with all exhibits hereto (collectively, the "Agreement," "Settlement Agreement," or "Settlement"), resolves the matter captioned *Suzanna Harger, et al. v. Fairway Management, Inc., et. al.* ("the Litigation") and is entered into between Suzanna Harger and Gyla Cavin ("Named Plaintiff"), on the one hand, who represents the FLSA and Rule 23 classes (collectively "Plaintiffs," "the Class," or "Class Members"), and on the other hand Fairway Management, Inc., FWM Payroll Clearing, Inc., and Bear Holdings, L.L.C. d/b/a JES Holdings, LLC and any of their predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively "Defendants" or "Fairway"). Subject to the terms and conditions herein and upon approval by the Court, this Agreement shall be binding on: (1) the Plaintiffs and the Settlement Class members; and (2) Defendants (collectively referred to as "Parties").

## SECTION I: FACTUAL BACKGROUND AND RECITALS

1.      On October 19, 2015, the Original Named Plaintiff Suzanna Harger filed a lawsuit captioned *Suzanna Harger, et al. v. Fairway Management, Inc., et. al.*, Case No. 2:15-cv-04232-NKL, in the United States District Court for the Western District of Missouri ("*Harger*").

2.      On April 18, 2016, Plaintiffs moved for conditional certification of a Fair Labor Standards Act collective action. On June 8, 2016, the Court conditionally certified a nationwide opt-in collective of Fairway Property Managers who supervised fewer than two full time employees FLSA ("FLSA Class").

3.      In June 2016, per the class member contact information provided by Fairway, Plaintiffs' counsel provided notice to Plaintiff Class Members.

4.      On August 5, 2016, Plaintiffs filed a Motion for Class Certification under the Missouri Minimum Wage Maximum Hours Laws, Mo. Rev. Stat. § 290.527 for a Missouri opt-out class. That motion is fully briefed and is currently pending before this Court.

5.      On August 15, 2016, after extensive written and deposition discovery, the Parties filed cross motions for summary judgment. Those matters are fully briefed and currently pending before this Court

6.      On November 01, 2016, Fairway filed a Motion to Decertify Conditionally Certified Class of Property Managers in which it sought decertification of the FLSA Class.. Plaintiffs have not responded.

7.      Plaintiffs' counsel sent notice of the Litigation to approximately 164 individuals. Approximately 42individuals (20 of whom are also in the Missouri Class) filed forms consenting to join the opt-in FLSA Class.

8.    On March 23, 2016, the Parties attended mediation in Kansas City, Missouri with Larry Rute, a renowned mediator in complex wage and hour class action litigation. After 10 hours of negotiations, the parties were unable to resolve their differences.

9.    During formal discovery, the parties exchanged voluminous information, data, and documents necessary to fully and fairly evaluate the Class Members' claims including Class Members' employment dates and duties, shifts, hours, compensation data, and weeks worked during the relevant time period.

10.    Fairway deposed Named Plaintiffs and received the Court's approval to depose a number of opt-in Plaintiffs.

11.    Fairway also issued written discovery to a number of opt-in plaintiffs.

12.    On November 15, 2016, Counsel for the Parties met to discuss the possibility of settlement. As a result of those discussions, Counsel contacted their clients to recommend a settlement based on their extensive work on the matter. The parties subsequently agreed.

13.    Plaintiffs and their Counsel as well as Defendants and their Counsel have conducted a comprehensive investigation and evaluation of the facts and law related to the claims asserted in the Litigation.

14.    In light of the costs, risks, and delay of continued litigation balanced against the benefits of settlement to the Class Members, Plaintiffs and their Counsel believe that the settlement set forth in this Agreement is in the best interests of the Class Members and represents a fair, reasonable, and adequate resolution of the claims in the Litigation.

15.    To avoid the burden, expense, and uncertainty of continuing litigation, Plaintiffs and their counsel have agreed to settle the Litigation on the terms and conditions set forth in this Agreement.

16.     In light of the costs, risks, and delay of continued litigation balanced against the benefits of settlement to Defendants, Defendants and their Counsel believe that the settlement as set forth in this Agreement is in the best interests of the Defendants and represents a fair, reasonable, and adequate resolution of the claims in the Litigation.

17.     Defendants deny, and continue to deny, all Plaintiffs' allegations in the Litigation. Without admitting or conceding any liability or responsibility for damages, in order to avoid the burden, expense, and uncertainty of continuing litigation, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement.

18.     This Settlement Agreement contains all agreements between Plaintiffs, Defendants, and their respective Counsel relating to the settlement of the Litigation.  There are no undisclosed side agreements between the Parties or their Counsel.  At all times, the negotiations leading to the Settlement Agreement were adversarial, non-collusive, and at arm's-length.

## SECTION II: TERMS OF THE AGREEMENT

In consideration of the mutual promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.     **Definitions Used in this Agreement**:

A.     **"Administrative Costs"** means the costs associated with administering the Settlement Account including the fees and costs of the Settlement Administrator.

B.     **"Attorneys' Fees and Costs"** means the amount paid to Class Counsel from the Gross Settlement Fund pursuant to Section II, Paragraph 2(F).

C.     **"Claim"** means a properly completed and timely submitted Claim Form from a Plaintiff to the Settlement Administrator.

CORE/3007857.0002/130680172.1

L.     **"FLSA Class Period"** means, for each individual member of the FLSA Class, the period encompassing three years before his or her individual opt-in consent was filed through the date on which this Settlement Agreement is signed by the Parties.

M.     **"Gross Settlement Fund"** means the amount of Five Hundred Fifty-Two Thousand Four Hundred Forty-Four Dollars and Thirty-Four Cents ($552,444.34). This amount will cover the settlement allocations to all Settling Plaintiffs as described below, including any interest, liquidated and/or multiple damages; attorneys' fees and costs.

N.     **"Individual Class Member Allocation"** means the portion of the Net Settlement Fund that a Settling Plaintiff is eligible to receive, pursuant to Section II, Paragraph 2 of this Agreement, following the Court's entry of the Final Approval of the Settlement.

O.     **"Fairway" or "Defendant"** means Fairway Management, Inc., FWM Payroll Clearing, Inc., and Bear Holdings, L.L.C. d/b/a JES Holdings, LLC and any of their predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities.

P.     **"Named Plaintiffs"** means Suzanna Harger and Gyla Cavin.

Q.     **"Net Settlement Fund"** means the Gross Settlement Fund minus: (1) the Service Payments to the Named Plaintiff and other participants as defined below; and (2) attorneys' fees and costs.

R.     **"Notice Period"** means the forty-five (45) day period following the mailing date of the Settlement Class Notice and concluding on the Claim Deadline.

S.     **"Preliminary Approval"** means the date the Court enters an Order preliminarily approving this Settlement including the procedure for notifying Class Members of their eligibility to participate in the Settlement.

D.    **"Claim Form"** means the form approved by the Court, attached hereto as Exhibit A, by which a Plaintiff may submit a Claim to the Settlement Administrator. The Settlement Administrator shall mail, via first class U.S. Mail, a Claim Form to the last known address of each Settlement Class member.

E.    **"Claim Deadline"** means the date forty-five (45) calendar days after the mailing date of the Settlement Class Notice, and shall be the last date by which any of the following must be postmarked in order to be timely and effective: (a) Claim Form; (b) Request for Exclusion; and (c) written objection to the Settlement Agreement.

F.    **"Class Counsel" or "Plaintiffs' Counsel"** means Employee & Labor Law Group of Kansas City, LLC and the Hodgson Law Firm, LLC.

G.    **"Class Member(s)"** means the approximately 42 FLSA Class Members who filed consents to join this Litigation, as well as the Rule 23 Class Members who are 1) individuals employed by Fairway in Missouri during the relevant period; and 2) who are eligible to participate in the Settlement and; 3) who do not opt out of the Litigation by the Claim Deadline.

H.    **"Class Notices"** means the different notices issued to FLSA class members, Rule 23 class members, and Hybrid class members, attached as Exhibit B.

I.    **"Database"** means an electronic spreadsheet which includes the first and last name, last known address, and alternate address if known, of all Class Members and the Class Member's Individual Class Member Allocation.

J.    **"Final Approval"** means the date the Court enters an order approving this Settlement Agreement after the Notice Period has ended.

K.    **"FLSA Class"** means the approximately 42 individuals who opted into this Litigation through the FLSA collective action mechanism.

CORE/3007857.0002/130680172.1

T.    **"Preliminary Approval Date"** means the date on which the Court issues the Preliminary Approval Order.

U.    **"Preliminary Approval Order"** means the Order of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure granting preliminary approval of this Settlement Agreement, as may be modified by subsequent mutual agreement of the Parties in writing and approved by the Court. A proposed Preliminary Approval Order is attached as Exhibit C.

V.    **"Released Claims"** means the claims released pursuant to the General Release and the Wage Hour Release.

W.    **"Request for Exclusion"** means a form, attached hereto as Exhibit D, timely submitted pursuant to the provisions of this Settlement Agreement which states that the Settlement Class member does not wish to participate in the Settlement.

X.    **"Rule 23 Class"** or **"Missouri Class"** means a Missouri opt-out class action of the Property Managers who 1) fell within the class definition; 2) worked for Fairway in the state of Missouri during the limitations periods applicable to their claims, which is October 19, 2013 through the date on which this Settlement Agreement is signed by the Parties; 3) who did not opt into the litigation through the FLSA collective action mechanism; and 4) submit claims forms as provided in the notice procedure identified herein. Individuals who were members of the Missouri Class who also opted into the FLSA action will be treated as FLSA Class Members and treated under the FLSA claims process. In the Litigation, the Missouri Class has pursued claims for violations of the Missouri Minimum Wage Law ("MMWL"). Missouri Class Members claim that Fairway violated the MMWL by misclassifying them as exempt from overtime compensation.

Y.    **"Rule 23 Class Period"** means the period from October 19, 2013 through the date on which this Settlement Agreement is signed by the Parties.

Z.     **"Service Award"** refers to a payment from the Settlement Account made to a Named Plaintiff or a Plaintiff deposed by Defendants' Counsel which is in addition to a Plaintiff's Individual Class Member Allocation and which is meant to recognize a Plaintiff for his or her service in the Litigation.

AA.     **"Settlement Administrator"** means the person or persons charged with administering the Settlement Agreement in concert with the Parties and their Counsel. The Defendants will select the Settlement Administrator from a third-party provider.

BB.     **"Settlement Class"** means the members the Class certified by the Preliminary Approval Order for the purposes of facilitating settlement of the Litigation, which shall include the members of the Rule 23 Class and the FLSA Class.

CC.     **"Settlement Class Notice"** refers to the notices sent to members of the Settlement Class, informing them of the Settlement.

DD.     **"Settling Plaintiff"** refers to: 1) a Rule 23 Class Member who submits a complete and timely Claim Form or 2) a FLSA Class Member who does not opt out of the Settlement by timely submitting a Request for Exclusion.

EE.     **"Wage Hour Release"** means a release of all wage and hour-related claims asserted, or that could have been asserted, in the Litigation or under federal, state, or local law that were, or could have been, brought in the Litigation from October 19, 2013 through the date the Agreement is signed by the Parties, subject to certain limitations set out in Section II, Paragraph 3 of this Agreement.

2.     **Settlement Fund and Allocation.**

A.     <u>Net Settlement Fund.</u> Payments to Settling Plaintiffs who are members of the Rule 23 Class will only be made on the basis of claims to be submitted in the form and

CORE/3007857.0002/130680173.1

manner specified below. Payments to Settling Plaintiffs who are members of the FLSA Class will not require completion of a claims form but members of the FLSA Class will receive notice and the right to opt out of this Settlement.

B.    <u>Settlement Fund Allocation.</u> Each Class Member who is a Settling Plaintiff shall be allocated his or her proportionate share of the FLSA Class Member Fund based on the individual number of hours he or she worked as a Property Manager and based on his or her rate of pay during the Class Period.

C.    <u>Service Payments to Deposed Plaintiffs and Named Plaintiffs.</u> In exchange for the General Release contained in this Agreement and subject to the Court's approval, Suzanna Harger and Gyla Cavin will receive a Service Award in the amount of $10,000 and are subject to the General Release. Subject to the Court's approval, all other Plaintiffs who were deposed will receive a service award in the amount $1,000 and will not be subject to a General Release but, instead, only the Wage Hour Release. Subject to the Court's approval, all other Plaintiffs who were not deposed but who were issued, and responded to, written discovery shall receive a service award of $500.00 and will not be subject to a General Release but, instead, only the Wage Hour Release. These Service Payments are being sought in recognition of efforts to pursue the claims raised in this Litigation on behalf of the Class including providing factual information and otherwise assisting Class Counsel with the prosecution of the Litigation. Any amounts allocated as Service Payments under this Agreement but not approved by the Court shall be re-distributed among the participating Class Members.

D.    <u>Attorneys' Fees and Costs.</u> Class Counsel will seek, and Defendants will not oppose, an award of attorney's fees in the amount of One-Third (1/3) of the Gross Settlement Fund ($184,148.11) as attorneys' fees, plus their costs of approximately 9,443.69 plus any

expenses incurred prior to final approval of the Settlement. Class Counsel shall be responsible for the distribution and payment of any fees claimed by any attorneys responsible for the representing Plaintiffs in the Litigation. Any amounts allocated as attorneys' fees and costs under this Paragraph but not approved by the Court shall be added to the Net Settlement Fund.

3. **Release.**

    A. <u>Named Plaintiff General Release.</u> In accordance with the terms of this Agreement, the Named Plaintiffs receiving Service Payments in addition to their pro-rata share of the Net Settlement Fund hereby execute general releases and waivers of claims. The General Release by Named Plaintiffs extinguishes all claims made or that could have been made in this Litigation or under federal, state, or local law, including, without limitation, wage and hour claims (e.g., claims for alleged misclassification, salary basis violations, overtime pay, minimum wages, non-payment of wages, meal or rest periods, paid and unpaid time off, waiting time penalties, unfair business practices, and any other pay practices of any kind), and any other claims related to Named Plaintiffs' employment with Fairway. Excluded from the release are any claims which cannot be waived by law, including the right to file a charge with, or participate in, an investigation conducted by any federal, state, or local government agency. Named Plaintiffs are waiving, however, their right to any monetary recovery or other relief should any government agency pursue any claims on their behalf.

    B. <u>Non-Named Plaintiff Wage Hour Release.</u> All other Plaintiffs, including deposed Class Members who are not Named Plaintiffs, will release all wage and hour-related claims asserted, or that could have been asserted, in this Litigation or under federal, state, or local law that were, or could have been, brought in this Litigation from October 19, 2013 through November 15, 2016. Excluded from the Wage Hour Release are any claims which cannot be

waived by law including the right to file a charge with or participate in an investigation conducted by any federal, state, or local government agency. Plaintiffs are waiving, however, their right to any monetary recovery or other relief should any government agency pursue any wage or hour-related claims on their behalf.

The Wage Hour Release applicable to non-Named Plaintiffs specifically excludes any claims, including wage and hour claims, that Plaintiffs may have as a result of holding any other position with Fairway that is not Property Manager.

        C.      <u>Covenant Not to Sue.</u> Plaintiffs agree to a covenant not to sue as to any Released Claims.

    **4.**     **<u>Approval of Settlement.</u>**

        A.      <u>Final Approval Order.</u> This Agreement will become final and effective only upon the occurrence of all of the following events: (a) the Agreement is executed by Named Plaintiff; (b) the Court enters a Preliminary Approval Order of the material terms of the Settlement Agreement including: (i) certification of the Settlement Class for settlement purposes only; (ii) appointment of Class Counsel; (iii) appointment of Named Plaintiff as class representative for the Settlement Class; and (iv) appointment of the Settlement Administrator (the proposed Preliminary Approval Order is attached hereto as Exhibit C); (c) the Settlement Class Notice is sent to the Settlement Class members; (d) Settlement Class members are afforded the opportunity to exclude themselves from the Settlement by submission of a timely Request for Exclusion and/or to file written objections; and (e) the Court holds the Final Approval hearing and enters Final Approval of the Settlement.

        B.      The Parties agree that this Settlement Agreement is conditioned on participation in the settlement by a meaningful number of eligible class members. If more than

20% of the FLSA Class requests to be excluded from the Settlement or more than 20% of the Missouri class opts out of the Settlement, then this Agreement shall become null and void and the Parties will retain all rights and defenses in the Litigation, and all negotiations, information, and materials pertaining in any way to this Agreement or the settlement of the Litigation will be inadmissible.

        C.      <u>Parties' Motion for Preliminary Approval.</u> Upon execution of this Settlement Agreement, the Parties shall promptly apply to the Court for the entry of an Order substantially in the following form:

        (i)      Preliminarily approving the Settlement Agreement subject only to the objections of Settlement Class members and final review by the Court;

        (ii)      Certifying the Settlement Class for settlement purposes only, appointing Class Counsel, appointing Plaintiffs as class representatives for the Settlement Class and appointing the Settlement Administrator;

        (iii)      Approving as to form and content the Settlement Class Notice, Claim Form, and Request for Exclusion;

        (iv)      Directing the mailing of the Settlement Class Notices, Claim Forms, and Requests for Exclusion by first class U.S. mail to the appropriate Settlement Class members;

        (v)      Scheduling a final hearing on the question of whether the proposed settlement including, without limitation, payment of attorneys' fees, costs, expenses, and the General Release and Service Payments should be finally approved as fair and reasonable.

        D.      <u>Court Approval of Settlement.</u>

        (i)      *Preliminary Approval.* Within five (5) days of execution of this

Agreement, Plaintiffs will seek the Court's preliminary approval of the terms of this Agreement, by filing this Agreement and the proposed Preliminary Approval Order with the Court and providing all information requested by the Court. Once the Settlement has been preliminarily approved, the Settlement Administrator shall (a) send to the Missouri Class Members who did not opt in the Settlement Class Notice which shall be in a format substantially similar to Exhibit A attached hereto; and (b) send to FLSA Class Members and Missouri Class Members who opted in a hybrid notice substantially similar to Exhibit B attached hereto. After the close of the Notice Period, the Court will then conduct a final approval hearing.

(ii) *Final Approval.* The parties will move for final approval of the Settlement (in a fashion designated by the Court). The Settlement will be final upon the execution of a Final Approval Order.

(iii) If the Court does not enter the Preliminary Approval Order or a Final Approval Order or if the Court decides to do so only with material modifications to the terms of this Agreement (including, without limitation, as to the Settlement Fund Allocation set forth in Section II, Paragraph 2(B), above), or if the Final Approval Order is reversed or vacated by a Court of competent jurisdiction, then this Agreement shall become null and void, the Parties will retain all rights and defenses in the Litigation, and all negotiations, information, and materials pertaining in any way to this Agreement or the settlement of the Litigation will be inadmissible. In such an event, the Parties agree to negotiate in good faith about appropriate revisions and re-submit an Agreement for the Court's approval. In the event this Settlement Agreement is never approved by the Court, the Parties will retain all rights and defenses in the Litigation and all negotiations, information, and materials pertaining in any way to the settlement of the Litigation will be inadmissible.

CORE/3007857.0002/130680172.1

E.      Dismissal of Action With Prejudice.  Subject to and conditioned upon the Court's Final Approval of the Settlement in accordance with the terms and conditions of this Agreement, Plaintiffs agree that the Litigation shall be dismissed with prejudice with all Parties responsible for their own costs and attorneys' fees, except as otherwise specifically provided for in this Agreement.

F.      Injunction.  As part of the Court's Final Approval, the Court shall enter an Order enjoining the Settlement Class members from filing, prosecuting, or pursuing any claims, suits, or administrative proceedings released by this Settlement Agreement unless and until such Settlement Class members have not filed claim forms and/or filed valid Requests for Exclusion with the Settlement Administrator and the time for filing claims with the Settlement Administrator has expired.

5.      **Settlement Administration and Payments.**

A.      Settlement Administrator.  The Settlement will be administered by a third-party Settlement Administrator to be selected by mutual consent of the Parties.  The Parties agree to not unreasonably withhold consent to the selection of a Settlement Administrator.  Defendants shall be solely responsible for the fees and expenses of the Settlement Administrator.

B.      Notice and Claims Process.

(i)      Within ten (10) business days of Preliminary Approval, the Parties will provide to the Settlement Administrator the Database containing the last known contact information of the Class Members.  The Parties shall provide the Settlement Administrator with all necessary cooperation including, but not limited to, the execution of all documents necessary to administer the Settlement.  The Parties will provide to the Settlement Administrator any other

information necessary to enable it to perform the calculations described in Section II, Paragraph 2 and to obtain current contact information of Settlement Class members.

(ii)    *FLSA Class Claims Process:*  Within ten (10) business days of receipt of the Database and any other information identified in subparagraph 5(B)(i), the Settlement Administrator shall mail to each FLSA Class Member a Settlement Class Notice and a Request for Exclusion.  The Settlement Class Notice shall inform the FLSA Class Members of the claims prosecuted in the Litigation, the terms of the Settlement Agreement, and their right to opt out.  FLSA Class Members shall have until the Claim Deadline to return or postmark Requests for Exclusion.  If an FLSA Class Member does not timely submit a Request for Exclusion, he or she will be deemed to be a Settling Plaintiff and will be entitled to his or her share of the FLSA Class Member Fund.

(iii)    *Rule 23 Class Claims Process:*  Within ten (10) business days of receipt of the Database and any other information identified in the subparagraph 5(B)(i), the Settlement Administrator shall mail to each Rule 23 Class Member a Settlement Class Notice and a Claim Form.  The notice shall inform the Rule 23 Class Members of their eligibility to participate in the Settlement by completing, signing, and returning the Claim Form, thereby becoming a Settling Plaintiff.  Rule 23 Class Members will only be entitled to receive their Individual Class Member Allocation if they sign and postmark or return their Claim Form by the Claim Deadline.

C.    <u>Objections to the Settlement Agreement.</u>  Only Settlement Class members may object to the Settlement Agreement.  To object to the Agreement, the Settlement Class member must send a written objection to the Settlement Administrator with copies to Class

Counsel and Defendants' counsel no later than the Claim Deadline. The objection must clearly and concisely set forth the legal and factual arguments supporting the objection.

D.    Authority of Settlement Administrator.    The Settlement Administrator shall be bound by the terms of this Settlement Agreement.    In the event that the Settlement Administrator must resolve an issue that is not specifically addressed, or which is ambiguously addressed, in the Agreement, the Settlement Administrator shall report to both Class Counsel and Defendants' Counsel for guidance.

E.    Settlement Administrator's Report.    No later than ten (10) business days following the Claim Deadline, the Settlement Administrator shall prepare and tender a report to Class Counsel and Defendants' Counsel containing the following information: (1) the name of each Settling Plaintiff; (2) each Settling Plaintiff's estimated Individual Class Member Allocation and (3) the name, last-known address, and last-known telephone number, where available, of each Settlement Class member who submitted a valid Request for Exclusion ("Report").

F.    Calculation of Individual Class Member Allocations.    The Settlement Administrator and Class Counsel shall calculate the Individual Class Member Allocation to be made to each Settling Plaintiff pursuant to Section II, Paragraph 2.

G.    Motion for Final Approval.    No later than ten (10) calendar days after the Claim Deadline, or by such other date as the Court may direct, Class Counsel shall file and serve: (1) a motion for final approval of the Settlement Agreement; (2) a proposed Order granting final approval of the Settlement Agreement; and (3) a proposed Judgment that conforms with Fed. R. Civ. P. 58.

H.    Withholdings.    The Settlement Administrator shall be responsible for deducting and withholding each Settling Plaintiff's share of all required income, payroll and other

CORE/3002857.0002/130680172.1

taxes, and for deducting, withholding, and remitting all necessary taxes and withholdings to the appropriate governmental agencies.

        I.      <u>No Reversion of Funds.</u>  Any settlement amounts allocated to Putative Collective Class Members who do not timely file Claim Form and/or Request for Exclusion in accordance with this Section and any amounts not approved by the Court as Enhancement Payments or attorneys' fees, costs, and expenses shall be reallocated to Participating Collective Class Members. Accordingly, at the close of the Notice Period, each Participating Class Member's Final Pro Rata Percentage shall be calculated by dividing his or her Claim Amount by the sum of all Participating Class Members' Claim Amounts. Each Participating Class Members' Gross Settlement Amount shall then be calculated by multiplying the Final Pro Rata Percentage by the Available Settlement Fund.

        J.      <u>Funding the Settlement and Distribution of Settlement Payments</u>.

        (i)      Within ten (10) business days of Final Approval, Defendants shall, by wire transfer, remit the total amount of the Net Settlement Fund to the Settlement Administrator.

        (ii)      Within ten (10) business days of receipt of the Net Settlement Fund, the Settlement Administrator shall mail to each Settling Plaintiff, at his or her last-known address as reflected in the Report, a check representing the Individual Class Member's Final Pro Rata Percentage of the Net Settlement Fund.

        K.      <u>Payment of Attorneys' Fees and Service Payments.</u>

        (i)      Within twenty one (21) days after Preliminary Approval, the Defendants shall issue a check in the total amount of the Court-approved attorneys' fees, costs, and expenses jointly payable to The Hodgson Law Firm, LLC and Employee & Labor Law Group of Kansas City, LLC.

(ii)    Within twenty one (21) days after Preliminary Approval, the Defendants shall issue Checks, payable to each of the individuals receiving Service Awards in the amount approved by the Court to Plaintiffs' Counsel, who shall then distribute such amounts to the Class Members for whom the Court has approved such awards.

(iii)    The payment of attorneys' fees and Service Awards provided for in Section II, Part 5K (i) and (ii) is contingent on a final settlement of this action. If the Agreement is not approved by the Court and/or is rendered null and void by the occurrence of the conditions described in Section II, Part 4B or Part 4D (iii), any Order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc.* In addition, Plaintiffs' Counsel and any individual who received a Service Award shall be required to repay the sums paid to them pursuant to Section II, Part 5K (i) and (ii), within twenty one (21) days of a written demand from Defendants or their counsel.

L.    Undeliverable Settlement Materials. If, before the Claim Deadline, the materials sent to a Settlement Class member are returned as undeliverable, then the Settlement Administrator shall perform a skip trace and resend class notice. If the materials are returned after the Claim Deadline, then the Settlement Administrator shall take no further action to locate the Settlement Class member.

6.    **Tax Treatment of Payments.** For Individual Class Member Allocations as set forth in Section II, Paragraph 2 above, fifty percent (50%) of the amount(s) paid to each Class Member under this Agreement shall be reported by the Settlement Administrator as wages to the appropriate taxing authorities on a Form W-2 issued to the Settling Plaintiff with his or her taxpayer identification number and shall be subject to deductions for applicable taxes and withholdings as required by federal, state, and local law. The remaining fifty percent (50%) of the

amount(s) paid to each Settling Plaintiff will be allocated to liquidated damages, interest, and/or penalties and reported by the Settlement Administrator as non-wage income to the appropriate taxing authorities on a Form 1099 issued to the Settling Plaintiff. Service Payments will be treated as non-wage income and reported by the Settlement Administrator to the appropriate taxing authorities on a Form 1099 issued to the Settling Plaintiff. Settling Plaintiff agrees and acknowledges that Defendants and its counsel have not made any representations to Settling Plaintiff regarding the tax consequences of any payments or amounts received pursuant to this Agreement and in no event shall the Defendants be liable for all or any portion of any taxes, penalties, interest, or other expenses that may be incurred by the Settling Plaintiff on account of receipt of any settlement amounts under this Agreement.

7. **Court Retains Jurisdiction To Enforce Agreement.** To the extent permitted by law, the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement. All Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of the Settlement embodied in this Agreement. Any action to enforce this Agreement shall be commenced and maintained only before this Court.

8. **Mutual Full Cooperation.** The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement including, but not limited to, execution of necessary documents and taking all other actions which are reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by Order of the Court or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement,

Class Counsel shall, with the assistance and cooperation of Defendants and their Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

9. **No Admission of Liability.** This Agreement shall not in any way be construed as an admission by Defendants, Fairway Management, Inc., FWM Payroll Clearing, Inc., and Bear Holdings, L.L.C. d/b/a JES Holdings, LLC and any of their predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities that they acted wrongfully with respect to Plaintiffs, Settlement Class members, or to any other person, collectively or individually. This Agreement shall not in any way be construed as an admission by said Defendants that any individuals have any rights whatsoever against Defendants. Defendants specifically disclaim any liability to, or wrongful acts against, the Plaintiffs, Settlement Class members, or any other person. Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Litigation or any other matters released in this Agreement. Accordingly, the Parties agree that none of them have prevailed on the merits and this Agreement shall not serve or be construed as evidence that any party has prevailed on the merits or that Defendants have engaged in any wrongdoing.

10. **Admissibility.** This Agreement is a settlement document and shall be inadmissible in evidence in any proceeding except an action or proceeding to approve, interpret, or enforce its terms.

11. **Material terms.** The terms set forth in this Agreement shall be deemed material to the final Settlement Agreement and Release to be executed by the Parties. These material terms are conditional upon, interdependent with, and inextricably intertwined with each other. Each and every term of this Agreement is a material term and all such terms are interrelated with, dependent

upon, and non-severable from one another, including, but not limited to, all terms of monetary and non-monetary relief.

**12.    Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. Signatures of the Parties transmitted by facsimile or other electronic means will be deemed to be their original signatures for any purpose whatsoever. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes.

**13.    Construction.** The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy and intensive arm's-length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of, or against, any Party based on the extent to which any Party and/or their respective Counsel participated in the drafting of this Settlement Agreement.

**14.    Captions and Interpretations.** Paragraph titles or captions contained in this Settlement Agreement are inserted as a matter of convenience and for reference,. They do not define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.

**15.    Modification.** This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

16. **Integration Clause.** This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Litigation and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or any Party's legal counsel, are merged in this Settlement Agreement. No rights under this Settlement Agreement may be waived except in writing.

17. **Binding on Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, assigns, guardians, conservators, and court-appointed representatives.

18. **Applicable Law.** This Settlement Agreement shall be governed by and construed in accordance with Missouri law.

**ON BEHALF OF DEFENDANTS**

Date: _____

By: _____

Printed Name: _____

Title: _____

**Named Plaintiff**

Date: _12.23.16_

By: ~Suzanna Harger~ (signature)

Printed Name: Suzanna Harger

**ON BEHALF OF PLAINTIFFS**

Date: _12/23/16_

By: ~Michael Hodgson~ (signature)

Printed Name: _MICHAEL HODGSON_

Title: _OWNER - HODGSON LAW FIRM_

Page **22** of **22**

on the extent to which any Party and/or their respective Counsel participated in the drafting of this Settlement Agreement.

**14.** **Captions and Interpretations.** Paragraph titles or captions contained in this Settlement Agreement are inserted as a matter of convenience and for reference,. They do not define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.

**15.** **Modification.** This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

**16.** **Integration Clause.** This Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Litigation and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or any Party's legal counsel, are merged in this Settlement Agreement. No rights under this Settlement Agreement may be waived except in writing.

**17.** **Binding on Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, assigns, guardians, conservators, and court-appointed representatives.

**18.** **Applicable Law.** This Settlement Agreement shall be governed by and construed in accordance with Missouri law.

Date: 12/22/16

ON BEHALF OF DEFENDANTS

By: _Kimberly A. Olden_

Printed Name: _Kimberly A. Olden_

Title: _Vice President_

Page **22** of **23**

CORE/3007857.0002/130680172.1

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| Suzanna Harger, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:15-cv-04232-NKL |
| Fairway Management, Inc.; FWM Payroll Clearing, Inc.; and Bear Holdings, Inc.,     d/b/a JES Holdings, Inc., | ) ) ) ) ) | |
| Defendants. | ) | |

## CLAIM FORM AND RELEASE

    I, the undersigned, consent to be a Plaintiff in the above-captioned lawsuit and to participate in the settlement of this action. In exchange for my settlement payment, I hereby acknowledge and agree to release and all wage and hour-related claims asserted, or that could have been asserted, in this Litigation or under federal, state, or local law that were, or could have been, brought in this Litigation from October 19, 2013 through November 15, 2016.

DATE: _____, 2016    _____

                                                SIGNATURE

                                                _____

                                                  PRINTED NAME

                                                _____

    THIS FORM MUST BE RETURNED TO THE SETTLEMENT ADMINISTRATOR AT [INSERT ADDRESS] AND MUST BE POSTMARKED NO LATER THAN 5:00 P.M. ON [INSERT DATE].

    WE ADVISE YOU TO KEEP A COPY FOR YOUR RECORDS – YOU MAY ALSO WISH TO MAIL RETURN RECEIPT REQUESTED.

EXHIBIT A

## <span style="color:red">NOTICE OF CLASS ACTION SETTLEMENT</span>

### TO: «FIRST- NAME» «LAST- NAME»

You are receiving this notice because you worked as a Property Manager at a Fairway Management, Inc. location between October 19, 2013 and November 15, 2016. YOU are eligible to join in a settlement in the action titled *Suzanna Harger, et. al. v. Fairway Management, Inc.*.

THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.

**YOU HAVE UNTIL [INSERT 30 DAYS FROM MAILING] TO MAKE A DECISION**

*This is not a solicitation from a lawyer.  A Court has authorized this notice.*

| 1. INTRODUCTION |
|---|

The purpose of this Notice is to: (i) inform you of the existence of a settlement between Plaintiffs and Fairway Management, Inc. and other affiliated entities, collectively referred to as "Fairway",  for overtime compensation pursuant to Missouri law including the Missouri Minimum Wage Law ("MMWL"), (ii) to advise you that you may be entitled to benefits under this settlement, (iii) to inform you of your legal rights and options in this settlement, and (iv) to instruct you on the procedure for participating in this settlement. You have been sent this Notice because employment data provided by Fairway indicates that you may have worked in an eligible position during the relevant time period.

| 2. DESCRIPTION OF THE LAWSUIT |
|---|

In 2015, a lawsuit was filed in federal court in Missouri alleging that Property Managers employed by Fairway may not have been properly classified as exempt from overtime. The lawsuits allege that Fairway's pay practices violated Missouri law and the Fair Labor Standards Act ("FLSA"). The lawsuit applies to employees who are or were employed by Fairway in the position of PROPERTY MANAGER.

Fairway has denied and continues to deny all of the allegations in Plaintiffs' petition and denies it violated the FLSA or any applicable state or federal laws. Fairway maintains that Property Managers were properly paid for all of their hours worked. The Court has not decided who is right and who is wrong, or weighed the arguments of either side. The parties, however, have agreed to a settlement.

You are entitled to participate in the settlement in exchange for a release of all federal, state, and local wage and hour claims that you may have arising from your employment as a Property Manager for Fairway.  The Class includes those Property Managers who worked for Fairway between October 19, 2013 and November 15, 2016.

<span style="color:red">EXHIBIT B</span>

CORE/3007857.0002/130512598.2

## 3. SUMMARY OF THE SETTLEMENT

The total amount of the proposed settlement is $552,244.34. If the Court approves the settlement, one-third of the total settlement [$INSERT FINAL TOTAL] will be used to pay attorneys' fees and costs incurred by the Plaintiffs' attorneys for bringing and prosecuting the lawsuits. Service Awards of up to $10,000 each will be made to the two named Plaintiffs (totaling no more than $20,000 in the aggregate) who undertook the risk and expense of initiating this lawsuit on behalf of other employees. Service Awards of up to $1,000 each will be made to the Plaintiffs (totaling no more than $5,000 in the aggregate) who were deposed. Service Awards of $500.00 each will be made to the Plaintiffs who were required to and responded to extensive written discovery. If you choose to participate in this settlement, you will receive a payment to be determined using the formula described below.

## 4. YOUR OPTIONS

You have four options:

*Submit a claim*. You will receive money from the settlement only if you make a claim, by submitting a valid and timely Claim Form. The claims process is described in more detail below and the Claim Form is included with this Notice.

*Do nothing*. If you do nothing, you will not recover anything under this settlement, and any rights under Missouri state and federal law that you may have against Fairway over the claims in this case will be extinguished.

*Opt out*. Submit a written Request for Exclusion. The Request for Exclusion is included with this Notice. You will not recover anything under this settlement, but will retain any rights you may have against Fairway over the claims in this case, subject to the applicable statutes of limitations.

*Object*. You may object to the settlement by following the procedure set out in Paragraph 9, Option D below. Notwithstanding the filing of an objection, if you do not submit a valid Claim Form, you will get no money from this settlement. All of the Court's orders will apply to you, and you will not be able to file your own lawsuit about the claims in this case, but you will still be bound by the settlement and by the Release set forth on the enclosed Claim Form.

## 5. YOUR SETTLEMENT AMOUNT: $XXXX IF YOU FILE A CLAIM

Your individual settlement amount is based on a formula that took into consideration a number of factors, including your length of employment as a Property Manager within the statute of limitations period your pay while working as a Property

Manager, and the date your claims were asserted through the filing of the original lawsuit. Considering these factors your individual settlement amount was calculated, and is free and clear of attorneys' fees and litigation costs.

To be paid your settlement amount, you must return the enclosed Claim Form and Release so that it is postmarked or received by Plaintiffs' Counsel by [INSERT 45 days from mailing] at 5:00 pm Central Time. Then, if the Court approves the settlement and all other conditions of the Final Settlement Agreement and Release are satisfied, you will receive two settlement checks. Fifty percent (50%) of your settlement payment will be reported as wages for tax purposes and you will receive an IRS Form W-2 for this portion of the payment. Tax withholdings for wage payments will be deducted from this first check amount. The second check represents the other fifty percent (50%) of your settlement payment and will constitute payment for alleged liquidated damages, interest, and penalties, and will be reported on an IRS Form 1099. You shall be solely responsible for the payment of any local, state, or federal taxes resulting from or attributable to the payments received under this settlement. You should consult a tax preparer if you have any tax-related questions.

You will have 90 days from the date of issuance of the settlement checks to cash your settlement checks. Any uncashed checks will be voided after 90 days. After that, you will be unable to obtain payment.

| 6. | ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS |
|---|---|

Plaintiffs' Counsel are asking the Court to award them one-third of the total settlement for attorneys' fees in addition to the litigation costs they have paid to litigate the case. Such fees and costs payments will be subject to the Court's approval. Please note, these amounts have already been deducted from the total settlement amount and your settlement amount listed above will not be subject to any further deductions for attorneys' fees or costs.

| 7. | NO RETALIATION IS PERMITTED |
|---|---|

If you are a current employee of Fairway, you will not be retaliated against for participating in this settlement. Under federal law, it is illegal for an employer to terminate you or otherwise retaliate against you in any fashion because you have joined and/or participated in this lawsuit.

| 8. | APPROVAL OF THE SETTLEMENT AND FAIRNESS HEARING |
|---|---|

The settlement is subject to Court approval and satisfaction of all conditions set forth in the Final Settlement Agreement filed with the Court. Plaintiffs' Counsel and Fairway will jointly ask the Court on or before [INSERT date of hearing] to finally approve the settlement. The Court will hold a hearing to determine whether the settlement is fair, reasonable, and adequate and should be approved. *You are not*

CORE/3007857.0002/130512598.2

*required or expected to attend the hearing, but have the opportunity to do so if you choose.*

The final approval hearing will be held [INSERT date of hearing] at the United States District Court for the Western District of Missouri **[INSERT ADDRESS]** at [INSERT TIME].

If the Court approves the settlement and if all conditions set forth in the Final Settlement Agreement and Release are satisfied, Fairway will deliver the settlement funds to the Settlement Administrator within ten (10) days of the Court's approval of the settlement. The Settlement Administrator will distribute the settlement checks within ten (10) days after receiving the settlement funds from Fairway.

If the Court does not approve the proposed settlement, the case will proceed as if no settlement has been attempted. In that event, Fairway retains the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by the Plaintiffs in this action. If the settlement is not approved, there can be no assurance that the class will recover the amount provided for in this settlement, or anything at all.

| 9. YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|

You may accept (claim), reject (opt out), object, or do nothing in this settlement. If you choose to do nothing, you will not recover anything under this settlement, and any rights you may have against Fairway over the claims in this case will be extinguished.

**Option A: Accept your settlement amount and claim your settlement allocation.**

Enclosed you will find a form entitled "Claim Form and Release". You must file a Claim Form and Release to participate in the settlement and receive a payment from the settlement.

You may file the Claim Form and Release by returning it by mail. **The Claim Form and Release must be postmarked or received on or before [INSERT 45 days from mailing] at 5:00 p.m. Central Time.**

Please understand by signing and returning the Claim Form and Release you agree not to sue Fairway for any violation of federal, state, or local wage and hour laws, that were or could have been asserted in this lawsuit, arising from your employment by Fairway as a Property Manager through November 15, 2016.

**Option B: Do Nothing.**

If you choose to do nothing, you will not recover anything under this settlement, and any rights under Missouri law you may have against Fairway over the claims in this case will be extinguished. Your rights under the FLSA will not be extinguished.

**Option C: Reject your settlement amount and opt out of this case.**

If you choose to reject your settlement amount and opt out of this case, you must provide a Request for Exclusion to the Settlement Administrator and it must be postmarked or received by **[INSERT 45 days from mailing]** at 5:00 pm Central Time. The Request for Exclusion is included with this Notice. If you timely reject your settlement, your claims will be dismissed by the Court without prejudice. If you reject your settlement amount, you may not be represented any longer by the attorneys in this case unless they agree to a new representation of you.

**Option D: Submit your Claim Form, then object to the terms of the settlement.**

If you are a member of the Settlement Class and you do not reject your settlement and opt out of the suit, you may object to the terms of the settlement and/or to Plaintiffs' Counsels' request for attorneys' fees and expenses, and/or to the service award for the Named Plaintiffs and deposed Plaintiffs. If you object and the settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters referred to in the lawsuit, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs. If you decide to object to the settlement, you cannot opt out and reserve your right to sue individually. Therefore, you should still return the completed Claim Form and Release by [INSERT 45 days from mailing], in addition to any written objection as described below.

To object to the terms of the settlement, you must, on or before [45 days from mailing Notice]: (1) file with Court, and (2) serve upon Michael Hodgson, The Hodgson Law Firm, LLC, 3699 SW Pryor Rd. Lee's Summit, MO 64082 (Plaintiffs' counsel), and Sara Welch, Stinson Leonard Street, 1201 Walnut, Suite 2900 Kansas City, MO 64106 (counsel for Fairway), a written objection including: (a) your full name, address and telephone number, (b) the approximate dates of your employment with Fairway, and your job title(s) while employed with Fairway, (c) a brief written statement of all grounds for the objection accompanied by any legal or factual support for your objection, (d) copies of any papers, briefs or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of the objection, (f) a statement of whether you intend to appear at the Final Approval Hearing, and (g) your signature, even if you are represented by counsel. If you intend to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Final Approval Hearing. Settlement Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

| **10.    SCOPE OF RELEASE OF PARTICIPATING PLAINTIFFS** |
| --- |

CORE/3007857.0002/130512598.2

Please read the full release contained in the attached Claim Form and Release carefully. As described therein, if you accept your settlement amount, you are agreeing to release your wage and hour claims against Defendant.

## 11.   YOUR RESPONSIBILITIES

It is your responsibility to keep the Settlement Administrator and Plaintiffs' Counsel informed of any change of address. You should also retain proof if you submit a Claim Form, such as certified mail receipt. You must act within the time periods set out in this Notice. The time periods will be strictly enforced. Failure to carry out any of these responsibilities could result in your failure to receive a settlement check.

## 12. QUESTIONS REGARDING THIS NOTICE

If you have any questions regarding this notice, you can contact the Settlement Administrator, [insert third party] at [insert toll free number] or by emailing your question to [insert TPA dedicated case email address].

## 13.   LEGAL COUNSEL

The Attorneys representing Plaintiffs in this matter are as follows:

**Michael Hodgson, Attorney**
The Hodgson Law Firm, LLC3699 SW Pryor Rd
Lee's Summit, MO 64082
Phone: (816) 600-0117
Email: mike@elgkc.com

**Kristi Kingston**
Employee & Labor Law Group of Kansas City, LLC
12920 Metcalf Ave., Suite 180
P.O. Box 25843
Overland Park, KS 66225
Phone: 913-286-5200
Email: Kristi@elgkc.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

Suzanna Harger, individually and )
on behalf of all others similarly situated, )
                                          )
         Plaintiff,                        )
                                          )
    v.                                     )       Case No. 2:15-cv-04232-NKL
                                          )
Fairway Management, Inc.;                  )
FWM Payroll Clearing, Inc.; and            )
Bear Holdings, Inc.,                       )
         d/b/a JES Holdings, Inc.,         )
                                          )
         Defendants.                       )

## CLAIM FORM AND RELEASE

I, the undersigned, consent to be a Plaintiff in the above-captioned lawsuit and to participate in the settlement of this action. In exchange for my settlement payment, I hereby acknowledge and agree to release and all wage and hour-related claims asserted, or that could have been asserted, in this Litigation or under federal, state, or local law that were, or could have been, brought in this Litigation from October 19, 2013 through November 15, 2016.

DATE: _____, 2016    _____
                                    SIGNATURE


                                    _____
                                    PRINTED NAME

                                    _____


THIS FORM MUST BE RETURNED TO THE SETTLEMENT ADMINISTRATOR AT [INSERT ADDRESS] AND MUST BE POSTMARKED NO LATER THAN 5:00 P.M. ON [INSERT DATE].


WE ADVISE YOU TO KEEP A COPY FOR YOUR RECORDS – YOU MAY ALSO WISH TO MAIL RETURN RECEIPT REQUESTED.

<u>**NOTICE OF CLASS ACTION SETTLEMENT**</u>

**TO: «FIRST- NAME» «LAST- NAME»**

You are receiving this notice because you worked as a Property Manager at a Property Manager between October 19, 2013 and November 15, 2016. YOU are entitled to benefits from a settlement in the action titled *Suzanna Harger, et. al. v. Fairway Management, Inc., et. al.*

THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.

**YOU HAVE UNTIL [INSERT 45 DAYS FROM MAILING] TO MAKE A DECISION**

*This is not a solicitation from a lawyer. A Court has authorized this notice.*

| 1. INTRODUCTION |
|---|

The purpose of this Notice is to: (i) inform you of the existence of a settlement between Plaintiffs and Fairway Management, Inc. and other affiliated entities, collectively referred to as "Fairway," for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), (ii) to advise you that you may be entitled to benefits under this settlement, (iii) to inform you of your legal rights and options in this settlement, and (iv) to instruct you on the procedure for participating in this settlement. You have been sent this Notice because employment data provided by Fairway indicates that you may have worked in an eligible position during the relevant time period and you had previously joined this lawsuit as a FLSA class member.

| 2. DESCRIPTION OF THE LAWSUIT |
|---|

In 2015, a lawsuit was filed in state and federal court in Missouri alleging that Property Managers employed by Fairway may not have been properly paid for all time worked. The lawsuits allege that Fairway's pay practices violated Missouri law and the Fair Labor Standards Act ("FLSA"). The lawsuit was filed in the United States District Court for the Western District of Missouri, under the title *Suzanna Harger, et. al. v. Fairway Management, Inc., et. al.* The lawsuit applies to employees who are or were employed by Fairway in the position of Property Manager.

Fairway has denied and continues to deny all of the allegations in Plaintiffs' petition and denies it violated the FLSA or any applicable state or federal laws. Fairway maintains that Property Managers were properly paid for all of their hours worked. The Court has not decided who is right and who is wrong, or weighed the arguments of either side. The parties, however, have agreed to a settlement.

You are entitled to participate in the settlement in exchange for a release of all federal, state and local wage and hour claims that you may have arising from your employment as a Property Manager for Fairway. The Class includes those who worked for Fairway between October 19, 2013 and November 15, 2016.

Page **1** of **1**

## 3. SUMMARY OF THE SETTLEMENT

The total amount of the proposed settlement is $552,444.34. If the Court approves the settlement, one-third of the total settlement [$INSERT FINAL TOTAL] will be used to pay attorneys' fees plus costs incurred by the Plaintiffs' attorneys for bringing and prosecuting the lawsuits. Incentive payments of up to $10,000 each will be made to the two named Plaintiffs (totaling no more than $20,000 in the aggregate) who undertook the risk and expense of initiating this lawsuit on behalf of other employees. Incentive payments of up to $1,000 each will be made to the Plaintiffs (totaling no more than $5,000 in the aggregate) who were deposed and Service Awards of $500.00 each will be made to the Plaintiffs who were required to and responded to extensive written discovery. If you choose to participate in this settlement, you will receive a payment to be determined based on the formula described below.

## 4. YOUR SETTLEMENT AMOUNT: $XXXX IF YOU TAKE NO ACTION

Your individual settlement amount is based on a formula that took into consideration a number of factors, including your length of employment as a Property Manager within the statute of limitations period, your pay while working as a Property Manager, and the date your claims were asserted through the filing of the original lawsuit. Considering these factors your individual settlement amount was calculated, and is free and clear of attorneys' fees and litigation costs.

If the Court approves the settlement and all other conditions of the Final Settlement Agreement and Release are satisfied, you will receive two settlement checks. Fifty percent (50%) of your settlement payment will be reported as wages for tax purposes and you will receive an IRS Form W-2 for this portion of the payment. Tax withholdings for wage payments will be deducted from this first check amount. The second check represents the other fifty percent (50%) of your settlement payment and will constitute payment for alleged liquidated damages, interest, and penalties, and will be reported on an IRS Form 1099. You shall be solely responsible for the payment of any local, state, or federal taxes resulting from or attributable to the payments received under this settlement. You should consult a tax preparer if you have any tax-related questions.

## 5. ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

Plaintiffs' Counsel are asking the Court to award them one-third of the total settlement for attorneys' fees in addition to the litigation costs they have paid to litigate the case. Such fees and costs payments will be subject to the Court's approval. Please note, these amounts have already been deducted from the total settlement amount and your settlement amount listed above will not be subject to any further deductions for attorneys' fees or costs.

## 6.    NO RETALIATION IS PERMITTED

If you are a current employee of Fairway, you will not be retaliated against for participating in this settlement. Under federal law, it is illegal for an employer to terminate you or otherwise retaliate against you because you have joined and/or participated in this lawsuit.

## 7.    APPROVAL OF THE SETTLEMENT

The settlement is subject to Court approval and satisfaction of all conditions set forth in the Final Settlement Agreement filed with the Court. Plaintiffs' Counsel and Fairway will jointly ask the Court on or before [INSERT date of hearing] to finally approve the settlement. The Court will hold a hearing to determine whether the settlement is fair, reasonable, and adequate and should be approved. *You are not required or expected to attend the hearing, but have the opportunity to do so if you choose.*

The final approval hearing will be held [INSERT date of hearing] at the United States District Court for the Western District of Missouri [**INSERT ADDRESS**] at [INSERT TIME].

If the Court approves the settlement and if all conditions set forth in the Final Settlement Agreement and Release are satisfied, Fairway will deliver the settlement funds to the Settlement Administrator within ten (10) days of the Court's approval of the settlement. The Settlement Administrator will distribute the settlement checks within ten (10) days after receiving the settlement funds from Fairway.

If the Court does not approve the proposed settlement, the case will proceed as if no settlement has been attempted. In that event, Fairway retains the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by the Plaintiffs in this action. If the settlement is not approved, there can be no assurance that the class will recover the amount provided for in this settlement, or anything at all.

## 8.    YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT

You may do nothing and receive your settlement checks, withdraw your consent ("opt out") and receive nothing from this settlement, or object to the terms of the settlement.

**Option A: Do nothing and receive your settlement allocation.**

You do not need to do anything to receive your allocation under this settlement. If the Court approves the settlement, Fairway will deliver the settlement funds to the Settlement Administrator within ten (10) days of the Court's approval of the settlement. The Settlement Administrator will distribute the settlement checks within ten (10) days after receiving the settlement funds from Fairway.

Please understand that by choosing this option, you agree not to sue Fairway for any violation of federal, state, or local wage and hour laws that were or could have been asserted in this lawsuit arising from your employment by Fairway as a Property Manager through November 15, 2016. See Paragraph 9, "Scope of Release," below.

**Option B: Reject your settlement amount and opt out of this case.**

If you choose to reject your settlement amount and opt out of this case, you must provide a Request for Exclusion to the Settlement Administrator and it must be postmarked or received by **[INSERT 45 days from mailing]** at 5:00 pm Central Time. The Request for Exclusion is included with this Notice. If you timely reject your settlement, your claims will be dismissed by the Court without prejudice. If you reject your settlement amount, you may not be represented any longer by the attorneys in this case unless they agree to a new representation of you.

**Option C: Object to the terms of the Settlement.**

You may object to the terms of the settlement and/or to Plaintiffs' Counsels' request for attorneys' fees and expenses, and/or to the service award for the Named Plaintiffs and deposed Plaintiffs. If you object and the settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters referred to in the lawsuit, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs. If you decide to object to the settlement, you cannot opt out and reserve your right to sue individually.

To object to the terms of the settlement, you must, on or before [45 days from mailing Notice]: (1) file with the Court, and (2) serve upon Michael Hodgson, The Hodgson Law Firm, LLC, 3699 SW Pryor Rd. Lee's Summit, MO 64082 (Plaintiffs' counsel), and Sara Welch, Stinson Leonard Street, 1201 Walnut, Suite 2900 Kansas City, MO 64106 (counsel for Fairway), a written objection including: (a) your full name, address and telephone number, (b) the approximate dates of your employment with Fairway, and your job title(s) while employed with Fairway, (c) a brief written statement of all grounds for the objection accompanied by any legal or factual support for your objection, (d) copies of any papers, briefs or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of the objection, (f) a statement of whether you intend to appear at the Final Approval Hearing, and (g) your signature, even if you are represented by counsel. If you intend to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Final Approval Hearing. Settlement Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

| 9. | SCOPE OF RELEASE |
|----|------------------|

CORE/3007857.0002/130512215.2

By declining to opt out of the settlement, you consent to remain a Plaintiff in the above-captioned lawsuit and to participate in the settlement of this action. In exchange for your settlement payment, you agree to release and waive claims against Fairway Management, Inc., FWM Payroll Clearing, Inc., and Bear Holdings, L.L.C. d/b/a JES Holdings, LLC, including their predecessors, successors and assigns, current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and current and former officers, directors, shareholders, employees, agents, and representatives for any and all wage and hour-related claims, arising out of your work as a Property Manager only, that were or could have been asserted in the lawsuit from October 19, 2013 through November 15, 2016.

| **10.    YOUR RESPONSIBILITIES** |
|---|

It is your responsibility to keep the Settlement Administrator and Class Counsel informed of any change of address. You must act within the time periods set out in this Notice. The time periods will be strictly enforced. Failure to carry out any of these responsibilities could result in your failure to receive a settlement check.

| **11. QUESTIONS REGARDING THIS NOTICE** |
|---|

If you have any questions regarding this notice, you can contact the Settlement Administrator, [insert third party] at [insert toll free number] or by emailing your question to [insert TPA dedicated case email address].

| **12.    LEGAL COUNSEL** |
|---|

The Attorneys representing Plaintiffs in this matter are as follows:

**Michael Hodgson, Attorney**
The Hodgson Law Firm, LLC
3699 SW Pryor Rd
Lee's Summit, MO 64082
Phone: (816) 945-2122
Email: mike@elgkc.com

**Kristi Kingston**
Employee & Labor Law Group of Kansas City, LLC
12920 Metcalf Ave., Suite 180
P.O. Box 25843
Overland Park, KS 66225
Phone: 913-286-5200
Email: Kristi@elgkc.com

CORE/3007857.0002/130512215.2

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

### TO: «FIRST- NAME» «LAST- NAME»

You are receiving this notice because you worked as a Property Manager at a Fairway Management location between October 19, 2012 and November 15, 2016, and joined the lawsuit titled *Suzanna Harger, et. al. v. Fairway Management, Inc., et. al.* YOU are entitled to benefits from a settlement in the lawsuit.

THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.

**YOU HAVE UNTIL [INSERT 45 DAYS FROM MAILING] TO MAKE A DECISION**

*This is not a solicitation from a lawyer.  A Court has authorized this notice.*

| 1. INTRODUCTION |
|---|

The purpose of this Notice is to: (i) inform you of the existence of a settlement between Plaintiffs and Fairway Management, Inc. and other affiliated entities, collectively referred to as "Fairway", for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), (ii) to advise you that you may be entitled to benefits under this settlement, (iii) to inform you of your legal rights and options in this settlement, and (iv) to instruct you on the procedure for participating in this settlement. You have been sent this Notice because employment data provided by Fairway indicates that you may have worked in an eligible position during the relevant time period and you had previously joined this lawsuit as a FLSA class member.

| 2. DESCRIPTION OF THE LAWSUIT |
|---|

In 2015, a lawsuit was filed in state and federal court in Missouri alleging that Property Managers employed by Fairway may not have been properly paid for all time worked. The lawsuits allege that Fairway's pay practices violated the Fair Labor Standards Act ("FLSA"). The lawsuit was filed in the United States District Court for the Western District of Missouri, under the title *Suzanna Harger, et. al. v. Fairway Management, Inc., et. al...* The lawsuit applies to employees who are or were employed by Fairway in the position of Property Manager.

Fairway has denied and continues to deny all of the allegations in Plaintiffs' petition and denies it violated the FLSA or any applicable state or federal laws. Fairway maintains that Property Managers were properly paid for all of their hours worked. The Court has not decided who is right and who is wrong, or weighed the arguments of either side. The parties, however, have agreed to a settlement.

You are entitled to participate in the settlement in exchange for a release of all federal, state and local wage and hour claims that you may have arising from your employment as a Property Manager for Fairway.  The Class includes those who worked for Fairway between October 19, 2013 and November 15, 2016.

Page **1** of **1**

## 3. SUMMARY OF THE SETTLEMENT

The total amount of the proposed settlement is $552,444.34. If the Court approves the settlement, one-third of the total settlement [$INSERT FINAL TOTAL] will be used to pay attorneys' fees plus costs incurred by the Plaintiffs' attorneys for bringing and prosecuting the lawsuits. Incentive payments of up to $10,000 each will be made to the two named Plaintiffs (totaling no more than $20,000 in the aggregate) who undertook the risk and expense of initiating this lawsuit on behalf of other employees. Incentive payments of up to $1,000 each will be made to the Plaintiffs (totaling no more than $5,000 in the aggregate) who were deposed and Service Awards of $500.00 each will be made to the Plaintiffs who were required to and responded to extensive written discovery. If you choose to participate in this settlement, you will receive a payment to be determined based on the formula described below.

## 4. YOUR SETTLEMENT AMOUNT: $XXXX IF YOU TAKE NO ACTION

Your individual settlement amount is based on a formula that took into consideration a number of factors, including your length of employment as a Property Manager within the statute of limitations period, your pay while working as a Property Manager, and the date your claims were asserted through the filing of the original lawsuit. Considering these factors your individual settlement amount was calculated, and is free and clear of attorneys' fees and litigation costs.

If the Court approves the settlement and all other conditions of the Final Settlement Agreement and Release are satisfied, you will receive two settlement checks. Fifty percent (50%) of your settlement payment will be reported as wages for tax purposes and you will receive an IRS Form W-2 for this portion of the payment. Tax withholdings for wage payments will be deducted from this first check amount. The second check represents the other fifty percent (50%) of your settlement payment and will constitute payment for alleged liquidated damages, interest, and penalties, and will be reported on an IRS Form 1099. You shall be solely responsible for the payment of any local, state, or federal taxes resulting from or attributable to the payments received under this settlement. You should consult a tax preparer if you have any tax-related questions.

## 5. ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

Plaintiffs' Counsel are asking the Court to award them one-third of the total settlement for attorneys' fees in addition to the litigation costs they have paid to litigate the case. Such fees and costs payments will be subject to the Court's approval. Please note, these amounts have already been deducted from the total settlement amount and your settlement amount listed above will not be subject to any further deductions for attorneys' fees or costs.

CORE/3007857.0002/130511918.2

## 6.    NO RETALIATION IS PERMITTED

If you are a current employee of Fairway, you will not be retaliated against for participating in this settlement.  Under federal law, it is illegal for an employer to terminate you or otherwise retaliate against you  because you have joined and/or participated in this lawsuit.

## 7.    APPROVAL OF THE SETTLEMENT

The settlement is subject to Court approval and satisfaction of all conditions set forth in the Final Settlement Agreement filed with the Court.  Plaintiffs' Counsel and Fairway will jointly ask the Court on or before [INSERT date of hearing] to finally approve the settlement. The Court will hold a hearing to determine whether the settlement is fair, reasonable, and adequate and should be approved. ***You are not required or expected to attend the hearing, but have the opportunity to do so if you choose.***

The final approval hearing will be held [INSERT date of hearing] at the United States District Court for the Western District of Missouri **[INSERT ADDRESS]** at [INSERT TIME].

If the Court approves the settlement and if all conditions set forth in the Final Settlement Agreement and Release are satisfied, Fairway will deliver the settlement funds to the Settlement Administrator within ten (10) days of the Court's approval of the settlement.  The Settlement Administrator will distribute the settlement checks within ten (10) days after receiving the settlement funds from Fairway.

If the Court does not approve the proposed settlement, the case will proceed as if no settlement has been attempted. In that event, Fairway retains the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by the Plaintiffs in this action. If the settlement is not approved, there can be no assurance that the class will recover the amount provided for in this settlement, or anything at all.

## 8.    YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT

You may do nothing and receive your settlement checks or you may withdraw your consent ("opt out") and receive nothing from this settlement.

**Option A: Do nothing and receive your settlement allocation.**

You do not need to do anything to receive your allocation under this settlement. If the Court approves the settlement, Fairway will deliver the settlement funds to the Settlement Administrator within ten (10) days of the Court's approval of the settlement. The Settlement Administrator will distribute the settlement checks within ten (10) days after receiving the settlement funds from Fairway.

CORE/3007857.0002/130511918.2

Please understand that by choosing this option, you agree not to sue Fairway for any violation of federal, state, or local wage and hour laws arising from your employment by Fairway as a Property Manager through November 15, 2016. See Paragraph 9, "Scope of Release," below.

**Option B: Reject your settlement amount and opt out of this case.**

If you choose to reject your settlement amount and opt out of this case, you must provide a Request for Exclusion to the Settlement Administrator and it must be postmarked or received by **[INSERT 45 days from mailing]** at 5:00 pm Central Time. The Request for Exclusion is included with this Notice. If you timely reject your settlement, your claims will be dismissed by the Court without prejudice. If you reject your settlement amount, you may not be represented any longer by the attorneys in this case unless they agree to a new representation of you.

| 9. | SCOPE OF RELEASE |
|----|------------------|

By declining to opt out of the settlement, you consent to remain a Plaintiff in the above-captioned lawsuit and to participate in the settlement of this action. In exchange for your settlement payment, you agree to release and waive claims against Fairway Management, Inc., FWM Payroll Clearing, Inc., and Bear Holdings, L.L.C. d/b/a JES Holdings, LLC, including their predecessors, successors and assigns, current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and current and former officers, directors, shareholders, employees, agents, and representatives for any and all wage and hour-related claims, arising out of your work as a Property Manager only, that were or could have been asserted in the lawsuit from October 19, 2012 through November 15, 2016.

| 10. | YOUR RESPONSIBILITIES |
|-----|----------------------|

It is your responsibility to keep the Settlement Administrator and Class Counsel informed of any change of address. You must act within the time periods set out in this Notice. The time periods will be strictly enforced. Failure to carry out any of these responsibilities could result in your failure to receive a settlement check.

| 11. | QUESTIONS REGARDING THIS NOTICE |
|-----|--------------------------------|

If you have any questions regarding this notice, you can contact the Settlement Administrator, **[insert third party]** at **[insert toll free number]** or by emailing your question to **[insert TPA dedicated case email address]**.

| 12. | LEGAL COUNSEL |
|-----|---------------|

The Attorneys representing Plaintiffs in this matter are as follows:

**Michael Hodgson, Attorney**

The Hodgson Law Firm, LLC
3699 SW Pryor Rd
Lee's Summit, MO 64082
Phone: (816) 945-2122
Email: mike@elgkc.com

**Kristi Kingston**
Employee & Labor Law Group of Kansas City, LLC
12920 Metcalf Ave., Suite 180
P.O. Box 25843
Overland Park, KS 66225
Phone: 913-286-5200
Email: Kristi@elgkc.com

CORE/3007857.0002/130511918.2

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| Suzanna Harger, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:15-cv-04232-NKL |
| Fairway Management, Inc.; FWM Payroll Clearing, Inc.; and Bear Holdings, Inc., d/b/a JES Holdings, Inc., | ) ) ) ) ) | |
| Defendants. | ) | |

## PROPOSED ORDER GRATING PRELIMINARY APPROVAL OF SETTLEMENT

1. The above entitled matter came before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. The Court, having carefully reviewed the proposed Class Action Settlement Agreement ("Settlement Agreement"), and the Unopposed Motion in Support, hereby finds as a preliminary matter that the Settlement Agreement is a fair, adequate, and reasonable resolution of a bona fide dispute in contested litigation.

2. The Court further finds that the class should be certified for the purposes of settlement.

3. Because the Court finds that at this stage the settlement is fair, adequate, and reasonable and that class certification for the purposes of settlement is appropriate, the Court further ORDERS that:

4. Plaintiffs' Motion for Preliminary Approval of Class Settlement, for Certification of Settlement Class, and for Permission to Disseminate Notice is GRANTED.

EXHIBIT C

5.     Suzanna Harger and Gyla Cavin are appointed as Class Representatives.

6.     The Hodgson Law Firm, LLC and the Employee & Labor Law Group of Kansas City are appointed as Class Counsel.

7.     The Parties are directed to proceed with the administration of the settlement as provided by the terms of the Settlement Agreement, and in particular:

- The parties shall provide all necessary information to the Third Party Administrator;

- The Third Party Administrator and shall disseminate Notice (and, where applicable, the claim form) to the class in substantially the same format as provided to this Court attached to Plaintiffs' Motion for Preliminary Settlement Approval;

- The Notice Period shall close forty-five days after the mailing of notice. All requests for exclusion, opt-out, objections, and claim forms must be postmarked by this date;

- Class Counsel shall file their motion for final settlement approval within 10 days of the close of the notice period; and

- The Court will hold its final approval hering on _____, 2017 at __ am/p.m.

It is so ORDERED this _____ day of December, 2016.

## <span style="color:red">REQUEST FOR EXCLUSION (OPT-OUT) FORM</span>

*Harger v. Fairway Management, Inc.*
*(Complete this form only if you are opting out of the settlement)*

I, the undersigned, have read the Notice of Settlement in the above-referenced Litigation, and **I do not wish to participate in the settlement or to receive any payment under the terms of the settlement**. I understand that, by filling out and submitting this form as directed, **I am electing to be excluded from the settlement** and: (1) will not be eligible to receive any monetary benefits available under the Settlement; (2) my claims will be dismissed by the Court without prejudice; (3) I will no longer be represented by the attorneys in this Court; (4) my rights, if any, to pursue any FLSA claims and/or state law claims will not be barred by the Settlement, and I may therefore pursue such claims at my own expense, subject to the applicable statutes of limitations.

In order to exclude yourself from this settlement, please print the following below: "I request to exclude myself from this case and any settlement."

_____

_____
Name (please print clearly)

_____
Address

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Telephone Number

_____        _____
Signature                                         Date

**THIS FORM MUST BE RETURNED TO THE SETTLEMENT ADMINISTRATOR AT [INSERT ADDRESS] AND MUST BE POSTMARKED NO LATER THAN 5:00 PM CENTRAL TIME ON [INSERT DATE].**

We advise you to keep a copy for your records – you may also wish to mail return receipt requested.

<span style="color:red">EXHIBIT D</span>